IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

HIPOLITO PACHECO (01),

                Defendant.

Case No. 20-20047-01-DDC

## MEMORANDUM AND ORDER

Defendant Hipolito Pacheco has filed a pro se[1] Motion to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 39. The government filed a Response. Doc. 42. The court lacks jurisdiction and dismisses Mr. Pacheco's motion for the following reasons.

### I.  Background

On March 18, 2021, Mr. Pacheco entered a guilty plea (Doc. 32) to use and possession of a firearm in furtherance of a drug trafficking crime, violating 18 U.S.C. §§ 924(c) and 2. On May 24, 2021, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 34. Mr. Pacheco's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 7 (PSR ¶ 29). The relevant sentencing guideline provides that "if the defendant . . . was convicted of violating section 924(c) . . . of title 18, United States

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Code, the guideline sentence is the minimum term of imprisonment required by statute." U.S. Sent'g Guidelines Manual § 2K2.4(b) (U.S. Sent'g Comm'n 2023). Section 924(c) of Title 18 of the United States Code requires a minimum imprisonment of five years—60 months—for use and possession of a firearm in furtherance of a drug trafficking crime. The parties' binding plea agreement recommended a sentence of 60 months of imprisonment and four years of supervised release. Doc. 32 at 3 (Plea Agreement). On June 10, 2021, the court sentenced Mr. Pacheco to imprisonment for 60 months and four years of supervised release. Doc. 36 at 2, 3.

Mr. Pacheco asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his June 2021 sentence and reduces his offense level by two levels. Doc. 39 at 1. The court addresses Mr. Pacheco's motion, but first, recites the governing legal standard.

II.     **Legal Standard**

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Mr. Pacheco asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 39. Effective November 1, 2023, Amendment 821 Part B created Guideline

§ 4C1.1, which lowers the offense level by two levels for certain defendants with zero criminal history points.

**III.     Analysis**

Mr. Pacheco is a zero-point offender.  *See* Doc. 34 at 7 (PSR ¶ 29).  But he loses his bid for a reduced sentence because 18 U.S.C. § 924(c) establishes a mandatory five-year minimum sentence.  Guideline § 2K2.4(b) expressly provides that Chapter Four—and thus the new § 4C1.1—doesn't apply to Mr. Pacheco's 18 U.S.C. § 924(c) conviction.  U.S. Sent'g Guidelines Manual § 2K2.4(b) (U.S. Sent'g Comm'n 2023) ("Chapter[] . . .Four (Criminal History and Criminal Livelihood) shall not apply[.]").  *See United States v. Seldon*, No. 1:10-CR-93, 2024 WL 2078449, at *2 (S.D. Ohio May 8, 2024) (holding "Amendment 821 has no bearing on [defendant's] sentence and is inapplicable to him" because defendant was convicted under 18 U.S.C. § 924(c)); *United States v. Harris*, No. 2:21-117-01, 2024 WL 666653, at *1 (S.D.W. Va. Feb. 16, 2024) (finding defendant "ineligible for relief" under § 4C1.1 because defendant was convicted under 18 U.S.C. § 924(c) and "her sentence was determined without application of Chapter Four").

In short, the new § 4C1.1 added to Chapter Four of the Sentencing Guidelines doesn't apply to Mr. Pacheco.  Because Mr. Pacheco's sentence remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2).  The court thus lacks jurisdiction and must dismiss Mr. Pacheco's motion (Doc. 39).  *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal

rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))).

## IV.     Conclusion

The court is without jurisdiction to consider Mr. Pacheco's current motion.  Thus, the court dismisses Mr. Pacheco's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pacheco's Motion to Reduce Sentence (Doc. 39) is dismissed.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2024, at Kansas City, Kansas.**

                                            s/ Daniel D. Crabtree
                                            **Daniel D. Crabtree**
                                            **United States District Judge**